UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Portland Food Mart, et al., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | Case No. 18-cv-1457 (SRN/KMM) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Jon E. Paulson, Paulson Law Firm PLLC, 1434 Appaloosa Trail, Eagan, MN 55122, for Plaintiffs.

Erin M. Secord, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

**I.   Introduction**

This matter comes before the Court on the Government's Motion to Dismiss the Complaint [Doc. No. 7] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants the Government's Motion.

**II.   Background**

Plaintiff Portland Food Mart is a grocery store operating at 7701 Portland Avenue, Minneapolis. (Compl. [Doc. No. 1-1] at 4.) Plaintiff Harpeet Tandon is the owner of SHRI-HARI, a corporation doing business as Portland Food Mart. (*Id.* at 1.)

1

On August 8, 2016, the Minnesota Department of Health disqualified Plaintiffs from participation in the Women, Infants, and Children ("WIC") federal assistance program for three years. (*Id.* at 6.)[1] The Plaintiffs were disqualified because they had engaged in a "pattern of charging WIC customers more for food than non-WIC customers or charging WIC customers more than the current shelf price." (*Id.* at 6–7.)[2]

In letters dated July 25 and August 22, 2017, the Food and Nutrition Service ("FNS") of the U.S. Department of Agriculture informed Plaintiffs that a reciprocal mandatory disqualification from the Supplemental Nutrition Assistance Program ("SNAP") would be imposed. 7 C.F.R. § 278.6(e)(8)(E). (*Id.* at 11.)

Plaintiffs filed a timely administrative appeal, arguing that FNS should not have disqualified them from SNAP, but should have instead imposed a monetary penalty pursuant to 7 C.F.R. § 278.6(f)(1). (Compl. ¶ 11.) FNS issued a final decision on April 27, 2018, upholding the three-year disqualification. (Compl. [Doc. No. 1-1] at 11.)

In this action, Plaintiffs seek judicial review of the FNS suspension of Plaintiffs from participation in SNAP and the finding that Plaintiffs did not meet the hardship requirement set forth in the regulations. The United States moves to dismiss.

---

[1] The page numbers referenced in the Complaint's exhibits are those identified by the Court's ECF system at the top of the page.

[2] Plaintiffs admit that the WIC disqualification is final and not subject to review. (Compl. ¶ 22.)

## III. Discussion

### A. Motion to Dismiss

Federal Rule of Civil Procedure 8 requires that a complaint present "a short and plain statement of the claim showing that the [plaintiffs are] entitled to relief." Fed. R. Civ. P. 8. When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). However, the Court need not defer to legal conclusions or "formulaic recitation[s] of the elements of a cause of action." *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and therefore advance a claim into discovery, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although "[t]he plausibility standard is not akin to a probability requirement," it does require a complaint to present "more than a sheer possibility that a defendant has acted unlawfully." *Id*.

B.   Analysis

For a storeowner to successfully challenge an FNS penalty, it must prove, by a preponderance of the evidence, that the sanctions imposed were arbitrary and capricious. *Studt v. United States*, 607 F.2d 1216, 1218 (8th Cir. 1979). In *United States v. J & K Market Centerville, LLC*, 679 F.3d 709, 712 (8th Cir. 2012), the Eighth Circuit confirmed that the arbitrary and capricious standard under *Studt* remains good law.

### 1.   Hardship Exception to Disqualification

In this case, Plaintiffs allege that FNS imposed improper sanctions by disqualifying Portland Food Market from the SNAP program, rather than imposing a civil monetary penalty, because disqualification causes a hardship for SNAP recipients. (Compl. ¶ 23.) Accepting the Plaintiffs' allegation as true that the Portland Food Market sells a variety of staple food items, to show a hardship exception, Plaintiffs must additionally show that there are: (1) no other authorized retail food stores, (2) in the area, (3) selling as large a variety of staple food items at comparable prices. § 278.6(f)(1).

#### a.   No Other Authorized Retail Food Stores

Plaintiffs admit in their Complaint that there are eleven SNAP authorized food stores within a one-mile radius of Portland Food Market—two super stores, one supermarket, one large grocery store, one small grocery store, three combination grocery stores, and three convenience stores. (Compl. ¶ 26.) Plaintiffs even identify Blue Nile Halal, a store which is four-tenths of a mile away from Portland Food Market. (*Id.* ¶ 34.) Therefore, Plaintiffs cannot satisfy the first requirement of the hardship exception. 7 C.F.R. § 278.6(f)(1).

### b. In the Area

There is no precise definition, either in the case law or the FNS regulations, for the hardship exception's language "in the area." In *Milgram Food Stores, Inc. v. United States*, 558 F. Supp. 629, 632 (W.D. Mo. 1983), after the court found that eight percent of the population who shopped at the at issue store did not have access to a car, it concluded that six blocks would be the most feasible distance for pedestrian traffic. However, other courts have found that an authorized food store was "in the area" when it was present "within walking distance," *Phany Poeng v. United States*, 167 F. Supp.2d 1136, 1141–42 (S.D. Cal. 2001), or "two miles" away, *Am. Cmty. Stores, Inc. v. United States*, 579 F. Supp. 1164, 1169 (D. Neb. 1983).

Here, there is at least one, if not a number of, authorized retail food stores that are "in the area" of the Portland Food Mart. In their Complaint, Plaintiffs admit that Blue Nile Halal is four-tenths of a mile away from Portland Food Mart. (*Id.* ¶ 34.) Plaintiffs contend that factors such as winter weather, busy traffic, or street location are relevant to the "in the area" analysis. (Compl. ¶¶ 27, 34, 35.)[3] However, Plaintiffs do not cite to any law to support their assertion. Blue Nile Halal, under any of the cases cited, would be considered "in the area" for pedestrian customers.

---

[3] While Plaintiffs argue in their responsive memorandum that there "is no bus line close to Portland Food Market," the Complaint states that customers can get to the store via bus. (*Compare* Pls.' Resp. in Opp'n at 5, *with* Compl. ¶ 30.)

### c. Selling as Large a Variety of Staple Food Items at Comparable Prices

Staple foods are "those food items intended for home preparation and consumption in each of the following four categories: Meat, poultry, or fish; bread or cereals; vegetables or fruits; and dairy products. . . ." 7 C.F.R. § 271.2. It is clear from the language of the regulations, ethnic or specialty food items are not considered staple foods. "FNS is not required to guarantee the existence of an [alternative] authorized store that caters to food stamp participants of every minority language." *Phany Poeng*, 167 F. Supp. 2d at 1142.

Plaintiffs claim that other authorized stores in the area do not sell the same selection of African and El Salvadoran staple foods. (Pls.' Resp. in Opp'n [Doc. No. 13] at 4.) However, the language of the regulations does not require inquiry into that issue. Instead, authorized stores in the area need only provide the same staple food items provided by the subject store at comparable prices. By Plaintiffs' own admission, there are eleven other SNAP authorized stores within a one-mile radius. (Compl. ¶ 26.) Moreover, the FNS decision specifically notes that Portland Food Market "does not carry any unique items or specialty/ethnic foods that cannot be found at some of these other area SNAP authorized retail stores." (Compl. [Doc. No. 1-1] at 10.)[4]

---

[4] Plaintiffs' additional argument, that the comparable costs at the other authorized stores are higher, due to the cost of commuting, is unpersuasive. (Pls.' Resp. in Opp'n at 4.) Plaintiffs fail to sufficiently allege that the actual food is not offered at comparable prices at other authorized stores. § 278.6(f)(1).

Finally, while Plaintiffs contend that the FNS decision was arbitrary and capricious as the agency did not "consider[] a monetary penalty in this case," Plaintiffs' own submissions contradict that assertion. (Pls.' Resp. in Opp'n at 5.) Plaintiffs' Complaint incorporates, as an exhibit, the FNS administrative decision, with a detailed explanation of why it chose to decline to apply the hardship exception. (Compl. [Doc. No. 1-1] at 4–11.) The record in this case is like that in *Sutherlin v. United States Dep't of Agriculture*, 747 F.2d 1239, 1249 (8th Cir. 1984), where the "Department made a thorough and conscientious inquiry into the hardship issue before disqualifying the [plaintiff]s' store from participating in the food stamp program." As such, Plaintiffs have failed to state a claim that the FNS penalty imposed was arbitrary or capricious and that the requirements of the hardship exception to SNAP disqualification have been met.

## IV. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED. LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 17, 2018
s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge